# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Aimee A. Kern,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Brachfeld Law Group, P.C., *a foreign professional corporation*,<br><br>　　　　　Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.　This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION

2.　Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.　Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.　Plaintiff Aimee Kern ("Kern" or "Plaintiff") is a natural person residing in the County of Scott, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.　Defendant Brachfeld Law Group, P.C. ("Brachfeld" or "Defendant"), upon information and belief, is a foreign professional corporation that operates as a debt

collection agency from an address of 100 East Campus View Boulevard, Suite 225, Columbus, Ohio 43235. Brachfeld is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.   Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7.   The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8.   Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before February 2011.

9.   On or about February 10, 2011, Plaintiff received a scripted telephonic message from Defendant in an attempt to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.  In these scripted telephonic message, Brachfeld violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because Brachfeld did not "meaningfully disclose" its identity and that Brachfeld is a debt collector calling to collect a debt. Brachfeld also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because Brachfeld failed to sufficiently disclose to Plaintiff that Brachfeld was a debt collector and that the communication was from a debt collector.

11.  Specifically, Brachfeld left the following message for Plaintiff: "Aimee Kern. My name is Ashley. I'm an attorney representative here with Brachfeld Law

Office.  Um, you have until today, Thursday, February 10th to return this call to 866-834-6218 at extension 6115."

12.   Based upon information and belief, Ashley is not a licensed attorney.

13.   The telephonic message left for Plaintiff by Defendant on or about February 10, 2011 violated 15 U.S.C. § 1692e(2)(A) because Defendant misrepresented the legal status of the debt.

14.   The telephonic message left for Plaintiff by Defendant on or about February 10, 2011 violated 15 U.S.C. § 1692e(3) because Defendant falsely represented and implied that the communication was from an attorney.

15.   The telephonic message left for Plaintiff by Defendant on or about February 10, 2011 violated 15 U.S.C. § 1692e(10) because Defendant employed false and deceptive means in an attempt to collect a debt.

16.   Based upon information and belief, Brachfeld has left multiple telephonic messages similar to the message left for Plaintiff on or about February 10, 2011, which violated 15 U.S.C. § 1692 et seq.

17.   Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Brachfeld.

18.   Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Brachfeld's acts and omissions.

### *Respondeat Superior Liability*

19.    The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Brachfeld.

20.    The acts and omissions by Defendant's employee(s) were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Brachfeld in collecting consumer debts.

21.    By committing these acts and omissions against Plaintiff, Defendant's employee(s) were motivated to benefit their principal, Brachfeld.

22.    Defendant Brachfeld is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

23.    Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## **CAUSES OF ACTION**

## **COUNT I.**

## **VIOLATIONS OF THE**
## **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

24.    Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

25.   The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

26.   As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27.   As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28.   As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may be just and proper.

Dated:  March 1, 2011.                    **MARSO AND MICHELSON, P.A.**

                              By: s/Patrick L. Hayes
                                  Patrick L. Hayes (0389869)
                                  William C. Michelson (129823)
                                  Attorneys for Plaintiff
                                  3101 Irving Avenue South
                                  Minneapolis, Minnesota 55408
                                  Telephone: 612-821-4817
                                  phayes@marsomichelson.com